UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

L.F. FINGERHUT, an infant,
by Emily Fingerhut, her mother, and

EMILY FINGERHUT, Individually,

        Plaintiffs,

    -vs-              07-CV-502-JTC

CHAUTAUQUA INSTITUTE
CORPORATION, INC., and

THE CHAUTAUQUA BIRD, TREE AND
GARDEN CLUB, INC.,

        Defendants.

---

  In this action, plaintiffs seek to recover damages to compensate for personal injuries suffered by plaintiff Lori Fingerhut when she was struck by a falling tree while on property owned by defendant Chautauqua Institution Corporation, Inc. ("defendant"). Plaintiffs have now moved pursuant to Rule 37(a) of the Federal Rules of Civil Procedure to compel the production of photographs of the fallen tree, taken by defendant's liability insurance carrier soon after the occurrence, as to which defendant has asserted protection from disclosure under the work product doctrine. Item 65. The motion also seeks to compel production of "other factual information obtained by defendant and its insurer" as the result of "other unspecified investigation in the aftermath of the accident," along with "all written information concerning instances of property damage caused by trees falling on its premises prior to the date of the accident herein …" Item 65, p. 1. Plaintiffs also seek an extension of the

dates in the current case management order to accommodate two additional non-party depositions. *Id.*

**1.     Photographs**

In December 2010, plaintiffs served on defendant a Rule 34 Notice of Discovery and Inspection, seeking in "Demand No. 8" production of "all photographs, video, DOCUMENTS, reports, inspection notes, witness statements, physical evidence created or obtained by [defendant] or by any insurer following the occurrence of the subject accident." Item 65, Exh. E, p. 5. In response, defendant stated its objection to Demand No. 8 "to the extent that it seeks disclosure of information protected by the attorney-client privilege, as attorney work-product and/or as material prepared in anticipation of litigation." *Id.*, Exh. F, p. 13.

Upon receipt and review of the responses, plaintiffs' counsel sent defense counsel a letter dated June 27, 2011, requesting a more detailed description of the materials being withheld from disclosure under a claim of privilege, as required by Rule 26(b)(5). *Id.*, Exh. A, p. 4. Defense counsel then submitted a supplemental response by letter dated August 12, 2011, identifying the materials sought in Demand No. 8 as "Photographs taken by Sloane-Melhuish Insurance in anticipation of litigation." Item 65, Exh. B, ¶ B(3)(a). Defendant maintains that these photographs were taken by Chautauqua Institution's liability insurer for the sole purpose of preparing for this current litigation, and are therefore protected from disclosure as attorney work product. Plaintiffs contend that these photographs should be produced as material and necessary evidence of the condition of the tree at the time of the occurrence which cannot be reproduced, since defendant

disposed of the tree immediately after the insurer took the photographs, leaving only the rotten stump and four poor resolution photographs taken by Chautauqua Institution's Police Chief, Al Akin. *See id.*, Exh. I.

The work product doctrine has been codified in the Federal Rules of Civil Procedure as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (I) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R .Civ. P. 26(b)(3)(A). As the party asserting work product protection here, defendant "bears the burden of establishing its applicability to the case at hand." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) (citing cases).

The protection offered by the work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). "Analysis of one's case 'in anticipation of litigation' is a classic example of work product and receives heightened protection under Fed. R. Civ. P. 26(b)(3)." *Id*. at 1196–97 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975)); *see also*

*Marciano v. Atlantic Medical Specialities, Inc.*, 2011 WL 294487, at *2 (W.D.N.Y. Jan. 27, 2011).

As explained by the Second Circuit in *Adlman*, in determining whether material withheld from disclosure was prepared "in anticipation of litigation," the proper inquiry for the court is "whether the documents were prepared 'because of' existing or expected litigation." *Adlman*, 134 F.3d at 1198. Under this approach, documents may be found to have been prepared in anticipation of litigation if, " 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.' " *Id.* at 1202 (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND RICHARD L. MARCUS, 8 FEDERAL PRACTICE AND PROCEDURE § 2024, at 343)).

"The determination as to whether materials are protected under this definition is necessarily fact-specific. This is even more true where, as here, the documents in question were created by or for an insurance company in the course of its investigation, since 'the very business of the producing party is to evaluate claims that may ultimately ripen into litigation.' " *Weber v. Paduano*, 2003 WL 161340, at*4 (S.D.N.Y. Jan. 22, 2003) (quoting *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.*, 1994 WL 698298, at *2 (S.D.N.Y. Dec.13, 1994)). "Thus, given the ever present potential for (or anticipation of) litigation, without some limiting principle virtually the entirety of an insurance company's files would be exempt from discovery." *American Ins. Co. v. Elgot Sales Corp.*, 1998 WL 647206, at *1 (S.D.N.Y. Sept. 21, 1998); *see also Insurance Co. of North America v. M/V SAVANNAH*, 1995 WL 608295, at*1 (S.D.N.Y. Oct. 17, 1995) ("Were the rule

otherwise, … documents prepared by or at the request of an insurance company during the course of the insurance company's ordinary business of claim handling would shield from discovery all documents falling within that category by a ritualistic incantation of 'anticipation of litigation.' ").

In this circuit, the "limiting principle" has taken the form of a fact-specific inquiry to determine the point at which the insurance company's activity has shifted "from the ordinary course of business to anticipation of litigation." *Selective Ins. Co. of America v. Swarey*, 2011 WL 240750, at *2 (W.D.N.Y. Jan. 24, 2011) (quoting *Elgot Sales*, 1998 WL 647206, at *1).

> The relevant inquiry is "when the insurance company shifted its focus from collecting information and evaluating a claim to preparation for a lawsuit." *Taroli v. Gen. Elec. Co.*, 114 F.R.D. 97, 99 (N.D. Ind. 1987), *aff'd*, 840 F.2d 920 (7th Cir. 1988)). "Until that point, an investigation into the potential for subrogation is simply part of an insurer's ordinary practice of investigating all issues arising from an accident involving its insureds, and documents created as part of this process would have been created in the same form regardless of the insurer's eventual decision as to litigation." *Weber v. Paduano*, 2003 WL 161340, at *8.

*Swarey*, 2011 WL 240750, at *2; *see also Elgot Sales*, 1998 WL 647206, at *2 (documents created after law firm was retained to investigate subrogation, but before subrogation decision was made, were not created in anticipation of litigation). Indeed, "[c]ourts frequently presume that investigative reports prepared by or for an insurer prior to a coverage decision are prepared in the ordinary course of the insurer's business and are not afforded work-product protection." *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 2006 WL 3771010, at *5 (S.D.N.Y. Dec.15, 2006) (citing cases).

Following this precedent, in order to establish that the photographs of the fallen tree taken by Sloane-Melhuish Insurance immediately after the occurrence at issue in this case are protected from disclosure by the work product doctrine, defendant may not rest on the "mere conclusory or ipse dixit assertions" of counsel, *id.* at *4, but rather, must demonstrate "by specific and competent evidence … that the author of the document anticipated litigation at the time that the document was created, and would not have created the document in essentially the same way had the prospect of litigation not existed." *Weber*, 2003 WL 161340, at *4 (citing *Adlman*, 134 F.3d at 1202). Upon review of the materials contained in the parties' submissions on the present motion to compel, the court finds that defendant has failed to meet this burden.

Neither the "privilege log" nor any subsequent correspondence or submissions filed by defendant contain any information about the circumstances surrounding the taking of the withheld photographs, such as the date they were taken; the number of photographs being withheld; the precise subject matter; the name of the photographer (and his/her affiliation with Sloane-Melhuish); or the nature of any contact between the insurance company and defendant (or its law firm) regarding the occurrence. Without this kind of information, the court is unable to engage in the fact-specific inquiry required to make a reasoned determination as to whether the withheld photographs were generated as part of Sloane-Melhuish's ordinary practice of investigating an occurrence involving an insured prior to a decision on coverage, or the point at which the insurance company might have shifted its focus from collecting information and evaluating a claim to preparation for a lawsuit.

Accordingly, plaintiffs' motion to compel is granted to the extent it seeks production of the materials identified in defendant's "privilege log" as "Photographs taken by Sloane-Melhuish Insurance in anticipation of litigation." Item 65, Exh. B, ¶ B(3)(a).

**2.     Other Factual Information Obtained By the Insurer**

Plaintiffs' motion also seeks to compel the production of "other factual information obtained by defendant and its insurer" as the result of "other unspecified investigation in the aftermath of the accident." Item 65, p. 1. In response, defense counsel affirms in his sworn affidavit that, "[t]o be perfectly clear: no such other materials exist." Item 68, ¶ 10.

Based on this affirmation, and in the absence of any indication to the contrary in the parties' submissions, the court denies plaintiffs' motion to the extent it seeks to compel the production of other factual information obtained by the insurer. Defendant is reminded of its ongoing obligation under the discovery rules to

> … supplement or correct its disclosure[s] or response[s] … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ….

Fed. R. Civ. P. 26(e)(1)(A).

**3.     Written Information Concerning Prior Instances of Property Damage Caused by Trees Falling on Premises**

Similarly with respect to plaintiffs' demand for written information about prior incidents of property damage caused by trees falling on the premises, defense counsel affirms that no such information exits. Item 68, ¶¶ 11-12. Accordingly, plaintiffs' motion to compel is denied to the extent it seeks production of this information.

**4.     Extension of Dates in Case Management Order**

On June 13, 2013, the court entered a case management order (Item 59) setting the following schedule for completion of discovery:

- July 1, 2013: plaintiffs' response to requests for medical records and authorizations; service of plaintiffs' damages expert reports.

- August 2, 2013: completion of depositions of defendant Chautauqua Bird, Tree & Garden Club.

- August 30, 2013: service of plaintiffs' liability expert report(s).

- September 20, 2013: completion of plaintiff's IME.

- October 25, 2013: service of report of plaintiff's IME.

- November 29, 2013: service of defendants' liability expert reports.

- January 8, 2014: status conference.

On July 25, 2013, the court received correspondence from counsel indicating that, following completion of the Chautauqua Bird, Tree & Garden Club depositions contemplated by the case management order, plaintiffs' counsel subpoenaed two additional non-party witnesses for deposition, accompanied by the demand for production of the photographs subject to the present motion to compel. Defense counsel responded by objecting both to the demand for production of privileged information, and to the demand for two additional non-party depositions not contemplated by the case management order. *See* Items 60-62.

Advised by defense counsel of this development, the court entered a text order chronicling the parties' inability to agree upon a schedule for the two non-party depositions, and granting defense counsel's request for permission to contact the subpoenaed

witnesses in order to advise them that the depositions would be adjourned. The court also directed counsel to "make a good faith effort to reschedule these depositions forthwith, at a mutually agreeable time." Item 63. However, in subsequent correspondence, defense counsel advised the court that plaintiffs' counsel had refused to reschedule the depositions pending the outcome of the present motion. *See* Item 64.

Now that the motion has been decided, the parties are directed to renew their efforts to reschedule these depositions at a mutually agreed upon time, giving plaintiffs' counsel a reasonable opportunity to review the materials produced in accordance with this order. The parties are further directed to submit the results of these renewed efforts to the court in the form of a joint proposal for amendment of the June 13, 2013 case management order, to establish a final schedule for completion of all remaining discovery in the case.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion (Item 65) is granted to the extent it seeks to compel the production of the materials listed at ¶ B(3)(a) of defendant's "Privilege log" as "Photographs taken by Sloane-Melhuish Insurance in anticipation of litigation." Defense counsel is directed to produce these materials to plaintiffs' counsel within 30 days of the date of entry of this order.

Plaintiffs' motion is also granted to the extent it seeks amendment of the court's June 13, 2013 case management order to accommodate the depositions of two subpoenaed non-party witnesses, in accordance with the court's direction for submission of a joint proposed final schedule for completion of all remaining discovery.

Plaintiffs' motion is denied in all other respects.

So ordered.

    \s\ John T. Curtin
    JOHN T. CURTIN
    United States District Judge

Dated: October 30, 2013
p:\pending\2007\07-502.mtc.oct30.2013