UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

L.F. FINGERHUT, an infant,
by EMILY FINGERHUT, her mother,

                              Plaintiff,

                -vs-                                            07-CV-502-JTC

CHAUTAUQUA INSTITUTE
CORPORATION, INC,

and

THE CHAUTAUQUA BIRD, TREE AND
GARDEN CLUB, INC.,

                              Defendants.

---

In this diversity action, plaintiffs seek to recover damages to compensate for personal injuries suffered by plaintiff Lori Fingerhut on July 26, 2005, when she was struck by a falling tree at Heinz Beach, an area adjacent to Chautauqua Lake located on property owned by defendant Chautauqua Institution Corporation, Inc. ("Chautauqua Institution"). Plaintiffs claim, *inter alia*, that defendant Chautauqua Bird, Tree and Garden Club, Inc. ("Bird, Tree and Garden Club") is liable for the injuries suffered by Lori Fingerhut based on its negligent use of "improper tree maintenance procedures and practices within the area where the tree that fell and caused injury to plaintiff was located." Consolidated Complaint (No. 08-CV-558-JTC, Item 1), ¶ 21.

Following discovery, the Bird, Tree and Garden Club moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the claims made against it in this action. *See* Item 71.[1] For the reasons that follow, the motion is granted.

## **BACKGROUND**

The following facts are derived from the pleadings, affidavits, exhibits, and submissions on file, including the Bird, Tree and Garden Club's Local Rule 56 Statement of Undisputed Facts[2] (Item 71-18):

The Chautauqua Bird, Tree and Garden Club, Inc., was founded in 1913 as a private volunteer organization made up of summer residents of Chautauqua Institution who have paid for a one-time $100.00 life membership. The Bird, Tree and Garden Club was

---

[1]The Bird, Tree and Garden Club filed its summary judgment motion on November 7, 2013. Upon agreement of counsel, the court held consideration of the motion in abeyance pending completion of two additional fact depositions. However, subsequent developments in the litigation resulted in substantial motion practice addressing the limits and scope of further discovery, which the court ruled upon in a decision and order entered April 18, 2014 (Item 90). In that order, the court also set a renewed briefing schedule for the pending summary judgment motion, giving plaintiffs until May 19, 2014, to file their response, and defendant until June 2, 2014, to reply (*id.* at 15; confirmed by Amended Case Management Order 5/21/14, Item 91). No response has been filed. *See* Rule 7(a)(2)(A) of the Local Rules of Civil Procedure for the Western District of New York (failure to file responding memorandum "may constitute grounds for resolving the motion against the non-complying party").

[2]Local Rule 56(a)(1) requires the party moving for summary judgment to submit "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried ...," and Local Rule 56(a)(2) provides that:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

L .R. Civ. P. 56(a)(1), (2). As noted, plaintiffs have not responded to the Bird, Tree and Garden Club's motion for summary judgment. Accordingly, the facts set forth in defendant's Local Rule 56 Statement of Undisputed Facts are deemed admitted for purposes of the present motion.

incorporated in 2002 as a not-for-profit corporation, whose charitable purpose is described in the certificate of incorporation as follows:

> To preserve, protect, and promote the flora, fauna, culture, history, and architecture of the Chautauqua, New York area; to inform the general public about the foregoing matters, including without limitation by means of seminars, lectures, tours, outings, and other public events; to improve the intellectual and physical capabilities of individuals by means of programming and other projects by which they can learn about and participate in activities concerning the foregoing matters; and, through such activities, to improve society by fostering better awareness and appreciation of th eco-existence of human communities and the natural environment ….

Item 71-18, ¶ 6.

In furtherance of this stated purpose, the Bird, Tree and Garden Club organizes educational programs, walking tours, and other events to raise money which has been used in the relevant past for purchasing, planting, and trimming the trees at the Chautauqua Institution; partial funding of a seasonal tree maintenance position at the Institution; and funding of two tree surveys which were conducted in 1989 and 1997.  The actual placement, planting, trimming, maintenance, inspection, and overall care of the trees was at all relevant times performed under the direction and control of the Chautauqua Institution, the owner of the premises upon which the occurrence at issue took place.  *See id.* at ¶¶ 1-5, 7.

The Bird, Tree and Garden Club now moves for summary judgment dismissing the claims against it in this action on the ground that, after several depositions and extensive document discovery, there is no testimony or documentary evidence to support a finding that the Bird Tree and Garden Club owed a duty of care to the plaintiffs necessary to impose liability based on a theory of negligence.

**DISCUSSION**

I.     **Summary Judgment**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under the well-settled standards for considering a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine issue of material fact exists.  *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 F. App'x 387 (2d Cir. 2011).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law ...." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come ... 'to put up or shut up' "), *cert. denied*, 540 U.S. 811 (2003).  In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004)

(internal quotation marks and citation omitted).   The court's role is not to resolve issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.  When "little or no evidence may be found in support of the nonmoving party's case ... [and] no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper."  *Gallo v. Prudential Resid. Servs., L.P.*, 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

## II.    Negligence

In order to establish negligence under New York law (controlling in this diversity action), the plaintiff must show by a preponderance of the evidence "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof."  *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981).   "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party."  *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136, 138 (2002); *see also Palka v. Servicemaster Mgmt. Servs. Corp.*, 83 N.Y.2d 579, 584 (1994) ("[A] duty of reasonable care owed by a tortfeasor to an injured party is elemental to any recovery in negligence.").  The existence of a duty of care is usually a question of law for the court to determine.   *Palka*, 83 N.Y.2d at 585; *see also Merges v. Aramark Corp.*, 2012 WL 1113627, at *4 (W.D.N.Y. Mar. 30, 2012).

Generally, the duty to maintain reasonably safe premises rests with the landowner. *See, e.g. Branham v. Loews Orpheum Cinemas, Inc.*, 819 N.Y.S.2d 250, 254 (App. Div. 1st Dep't 2006) (citing cases), *aff'd*, 8 N.Y.3d 931 (2007). New York cases have nevertheless recognized that this duty of care may be imposed on a contractor who undertakes to render services for or on behalf of the owner, "and then negligently creates or exacerbates a dangerous condition." *Espinal*, 98 N.Y. 2d at 141-42 (citing *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 167 (1928)). Summarizing the holdings in these and other cases, the Court of Appeals in *Espinal* identified the following three situations in which a party who enters into a contract to render services on behalf of the premises owner may be said to have assumed the owner's duty of reasonable care, and potential tort liability, to third persons:

> (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely.

*Espinal*, 98 N.Y. 2d at 140 (internal alterations, quotation marks and citations omitted); *see also Church ex rel. Smith v. Callanan Industries, Inc.*, 99 N.Y.2d 104, 111-12 (2002).

Upon examination of the record presented in the submissions presently before the court, none of these situations apply to this case. First of all, there is no evidence of a contractual relationship obligating the Bird, Tree and Garden Club to provide tree maintenance services in the area of Heinz Beach, or on any land owned by the Chautauqua Institution. Rather, the deposition testimony and evidence produced during discovery reveals that the Bird, Tree and Garden Club was at all relevant times operating

as a volunteer organization that raised money to assist the Chautauqua Institution with the purchase, planting, and maintenance of new trees in areas adjacent to privately owned residences, and further, that the tree that fell causing injury to Ms. Fingerhut was not a tree that was purchased, planted, or maintained using money donated by the Bird, Tree and Garden Club.  *See* Item 71-1 (Affidavit of Gerard E. O'Connor, Esq.) and Exhibits attached thereto.  Moreover, even if this evidence could reasonably be viewed to somehow establish a contractual relationship between the Chautauqua Institution and the Bird, Tree and Garden Club, there is no proof that anyone from the Bird, Tree and Garden Club ever performed maintenance on the subject tree, or indeed, on any tree located on the premises of the Chautauqua Institution.  Accordingly, there is no evidentiary basis for a finding that the Bird, Tree and Garden Club was responsible for "launch[ing] a force or instrument of harm" from which plaintiff was injured.  *H.R. Moch. Co.*, 247 N.Y. at 168.

The second and third exceptions to the general rule of landowner premises liability are also inapplicable here.  Beyond the lack of any evidence of a contractual obligation on the part of the Bird, Tree and Garden Club to provide tree maintenance services, there is likewise no evidence in the record to support a finding that the plaintiffs detrimentally relied on the Bird, Tree and Garden Club's continued performance of its duties, or that Chautauqua Institution's responsibility to maintain a safe premises was somehow "entirely displaced" by the Bird, Tree and Garden Club's activities.  *Espinal*, 98 N.Y. 2d at 140

New York courts also recognize that, even in the absence of a contractual obligation, the landowner's duty of care–and concomitant liability for negligence–may be voluntarily assumed by another actor "if the plaintiff relied on the defendant's undertaking and if the defendant's act or failure to act placed the plaintiff in a more vulnerable position

than if the obligation had not been assumed." *Van Hove v. Baker Commodities*, 732 N.Y.S.2d 803, 804 (App. Div. 4th Dep't 2001) (citing cases); *see also Rosen v. Long Is. Greenbelt Trail Conference, Inc.*, 796 N.Y.S.2d 130, 131-32 (App. Div. 3rd Dep't 2005), *leave to appeal denied*, 6 N.Y.3d 703 (2006) (volunteer organization engaged in maintenance of hiking trails on state-owned lands assumed landowner's duty of care, but not liable for injury to hiker in the absence of proof that defendant created dangerous condition or placed plaintiff in more vulnerable position). As already discussed, however, the record is devoid of any evidence to show or suggest that the Bird, Tree and Garden Club or any of its members performed maintenance on the subject tree, or that plaintiffs relied on such activity to their detriment. Therefore, plaintiffs cannot show that the Bird, Tree and Garden Club voluntarily assumed the landowner's duty of reasonable care, or placed Lori Fingerhut in a more vulnerable position than if the duty had not been assumed.

Having thus viewed the evidence presented on the record in the light most favorable to plaintiffs, and having drawn all reasonable inferences in plaintiffs' favor, the court finds no basis for imposing a duty of reasonable care on the Bird, Tree and Garden Club that may be enforced as to plaintiffs. As a result, no rational jury could find in favor of plaintiffs on their negligence claim against the Bird, Tree and Garden Club because the evidence to support the claim is so slight, and there is no genuine issue of material fact for trial.

Accordingly, a grant of summary judgment is proper dismissing the complaint against defendant Chautauqua Bird, Tree and Garden Club, Inc.

**CONCLUSION**

For the foregoing reasons, defendant Chautauqua Bird, Tree and Garden Club, Inc.'s motion for summary judgment (Item 71) is granted, and all claims asserted in this action against the Chautauqua Bird, Tree and Garden Club, Inc., are dismissed with prejudice.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: June 3, 2014
p:\pending\2007\07-502.jun3.2014